**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
abiri@cd-lawyers.com
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorneys for Plaintiff and the
Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PACHOUD, individually, and on behalf of all others similarly situated, | CASE NO.:  5:24-cv-02299 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| SURFSHARK INC. and SURFSHARK B.V., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Emily Pachoud ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action complaint against Defendants Surfshark Inc. and Surfshark B.V., (collectively, "Defendant"[1]) based on violations of California's Automatic Renewal Law ("ARL"). Plaintiff makes the following allegations based on her personal knowledge, and upon the information, investigation and belief of her counsel.

---

[1] Defendants are part of the same corporate family of companies and are thus referred to as a singular defendant.

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1.      This class action seeks to challenge Defendant's deceptive enrollment of unwary consumers into Defendant's auto-renewal payment plan, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.,* for Defendant's various products it offers, such as its Virtual Private Network ("VPN") subscription (collectively, the "Products").

2.      Defendant is a cybersecurity company that provides privacy and security solutions to consumers via subscriptions to its software services and products on its website, www.surfshark.com.  Defendant provides numerous products on its website, including VPN access, antivirus software, security alerts, private searches and automated personal data removal systems.  It is unclear how many people use Defendant's Products, but it is estimated to be more than a half a million California subscribers, with exorbitant annual revenues, largely fueled by the auto-renewals as explained herein.

3.      Defendant uses this renewal scheme to lure customers in and trap them in an automatically renewing payment plan without disclosing to prospective consumers, as required by California law, essential facts concerning the nature of the payment.

4.      Plaintiff and other consumers have been deceived by Defendant's actions, and consequently have been deceived into signing up for an automatically recurring payment plan.

5.      Had Plaintiff and Class members been aware that Defendant charged them on an automatically renewing basis, Plaintiff and Class members would not have purchased the Product subscriptions. Accordingly, Plaintiff and Class members have been injured by Defendant's deceptive business practices.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class

**CLASS ACTION COMPLAINT**

members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Class, including Plaintiff.

7. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally availed itself of the markets within California, through its marketing and sale of its Products in California and to California consumers.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Specifically, Plaintiff purchased the VPN subscription in this District.

## THE PARTIES

9. Plaintiff Emily Pachoud is a citizen of the United States and the State of California. In or around March 2021, Plaintiff, a resident of San Jose, California, subscribed to Defendant's VPN product. Defendant is a major provider for such security and VPN products. Unbeknownst to Plaintiff, and without giving a clear and conspicuous notice of the renewal terms, length, and cancellation policy, Defendant enrolled Plaintiff in a continuous service or automatic renewal service and charged Plaintiff, without her consent. Specifically, in March 2023 Plaintiff's subscription was renewed without her consent from her bank account in the amount of $71.64 by Defendant, notated as "SURFSHARK.* SURFSHARK. LEWES DE." Had Plaintiff known she was being enrolled in an automatic renewal service, she would not have subscribed to Defendant's VPN product. Therefore, Plaintiff suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as described herein.

10. Defendant Surfshark Inc. is a Delaware corporation with its principal place of business in Delaware.

**CLASS ACTION COMPLAINT**

11.     Defendant Surfshark B.V. is a Dutch company with its principal place of business in Amsterdam, Netherlands.

12.     The allegations contained herein are asserted against the above defendants jointly, severally, or in the alternative. These defendants are part of the same corporate family of companies, and are each directly, contributorily and/or vicariously liable, and/or liable by way of inducement, for the misconduct as described herein. For purposes of simplicity, they will be referred to collectively as "Defendant."

## FACTUAL ALLEGATIONS

**A.**     **Defendant Has Violated California's ARL by Failing to Present Its Subscription Terms in a Clear and Conspicuous Manner**

13.     California's ARL makes it illegal for companies to charge consumers for automatically renewing subscriptions or services unless the company meets strict disclosure requirements. This includes both pre-purchase and post-purchase disclosures. The ARL makes it unlawful for any business making an automatic renewal offer to consumers in California to "[f]ail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity…to the request for consent to the offer."

14.     The ARL defines "automatic renewal offer terms" to mean:

   a. That the subscription or purchasing agreement will continue until the consumer cancels (Cal. Bus. & Prof. Code §17601(b)(1));

   b. The description of the cancellation policy that applies to the offer (Cal. Bus. & Prof. Code §17601(b)(2));

   c. The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the

**CLASS ACTION COMPLAINT**

charge may change, if that is the case, and the amount to which the charge will change, if known (Cal. Bus. & Prof. Code §17601(b)(3));

d. The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer (Cal. Bus. & Prof. Code §17601(b)(4)); and

e. The minimum purchase obligation, if any. (Cal. Bus. & Prof. Code §17601(b)(5))

15. Additionally, the ARL defines "clear and conspicuous" to mean "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language. In the case of an audio disclosure, 'clear and conspicuous' and 'clearly and conspicuously' means in a volume and cadence sufficient to be readily audible and understandable." Cal. Bus. & Prof. Code §17601(c).

16. However, Defendant does not present the requisite, material auto-renewal terms to its subscribers prior to their enrollment in a manner compliant with the ARL. *See image below.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15  17.  The above image is representative of what consumers readily see when

16  they reach the checkout page.  In order to even see that there is a tab labeled

17  "Subscription, Automatic Renewal, and other Terms" consumers must scroll all the

18  way down the page to a small tab, written in light gray colored font.  *See below image*.

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

18.    As shown above, Defendant does not present all of the requisite, material auto-renewal terms to its subscribers prior to enrollment in a clear and conspicuous manner, as required.  The terms are not "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601(c).

19.    Instead, consumers are not required to scroll all the way down the webpage. A consumer can easily use the website and complete their purchase without viewing these terms, meaning Defendant does not satisfy the requirement for close proximity under the ARL.

20.     Therefore, Defendant has violated California's ARL by failing to provide the automatic renewal offer terms in a clear and conspicuous manner.

**B.    Defendant Has Violated California's ARL by Failing to Obtain Affirmative Consent from Users Prior to Enrollment**

21.     California's ARL requires that Defendant must obtain affirmative consent to the agreement containing the automatic renewal offer terms prior to charging the consumer's banking institution, credit card or debit card. Cal. Bus. & Prof. Code § 17602(a)(2).

22.     Defendant fails to obtain affirmative consent from consumers prior to charging them as Defendant does not clearly outline the renewal offer terms, as described above.  Additionally, Defendant does not clarify to consumers that they are enrolling in an automatically recurring subscription.  Instead, Defendant only vaguely states that the offer costs $75.32 for 24 months.

23.     Therefore, as consumers are not made aware of the automatically recurring nature of the subscription, nor presented with the relevant automatic renewal offer terms, Defendant has violated California's ARL by failing to obtain affirmative consent prior to enrollment.  As a result, Plaintiff and other users have suffered injury in fact, as they would not have enrolled had they known they were signing up for an automatically renewing subscription.

**C.    Defendant Has Violated California's ARL by Failing to Provide an Appropriate Transaction Acknowledgement**

24.     California's ARL requires that Defendant must provide customers with an acknowledgement, including the automatic renewal or continuous offer terms, cancellation policy, and clear, consumer-friendly cancellation information. Cal. Bus. & Prof. Code § 17602(a)(3).

25.     Defendant, however, does not send a post-transaction acknowledgement. Instead, after signing up, Defendant only sends a receipt detailing the product purchased and only vaguely indicates that once the plan renews there will be another

**CLASS ACTION COMPLAINT**

charge, implying further action is required to renew. Nowhere in this email does Defendant provide the actual automatic renewal offer terms (and in fact indicates an incorrect amount, and not what Plaintiff was ultimately charged), the cancellation policy, or a clear, consumer-friendly cancellation method.

26.     Therefore, Defendant does not provide the requisite information as required by Cal. Bus. & Prof. Code § 17602(a)(3). The ARL specifically requires an acknowledgement include "the automatic renewal offer terms…cancellation policy, and information regarding how to cancel." Cal. Bus. & Prof. Code § 17602(a)(3). Defendant fails to adhere to the ARL requirements. There is no information regarding the terms of the automatic renewal, no indication that the subscription will continue until cancelled, no information regarding the cancellation policy, and no link or other guidance on how a consumer may cancel their subscription. Therefore, Defendant has violated California's ARL for failing to provide an adequate acknowledgement.

**D.**     **Defendant Has Violated California's ARL by Failing to Meet the Requirements for the Cancellation Policy**

27.     California's ARL requires a business that makes an automatic renewal offer or continuous service offer "shall provide a toll-free telephone number, electronic mail address, a postal address, if the seller bills directly to the consumers, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgement." Cal. Bus. & Prof. Code § 17602(c).

28.     Additionally, Cal. Bus. & Prof. Code §17602(d)(1)(A)-(B) states a business which allows a consumer to accept an automatic renewal or continuous service offer online shall allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging in further steps that obstruct or delay the ability to terminate the automatic renewal or continuous service immediately. The business shall provide a method of termination online in the form of either:

a.  A prominently located direct link or button which may be located within either a customer account or profile, or within either device or user settings; or

b.  By an immediately accessible termination email formatted and provided by the business that a consumer can send to the business without additional information.

29.  Defendant does not provide a termination email, a prominently located link or button, nor an easy-to-use mechanism.  Instead, Defendant requires consumers go through a multi-step process to cancel their account.

30.  First, consumers must log in, and navigate through multiple pages on the Surfshark site to locate a page where they can elect to cancel their subscription. Then, users are presented with a page that requires them to provide a reason for their cancellation.  Then, they must proceed through two additional pages confirming their cancellation. On both of these pages, pictured below, the primary action button is the "Stay Subscribed" button, which is the top button emphasized with the most contrasting colors, whereas the "Cancel plan renewal" button is placed below and does not contrast with the background of the page. Moreover, there either seems to be no cancellation option on the mobile browser or Defendant's mobile app (or is very difficult to locate).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26





27     31.    Defendant's cancellation policy is not the "easy-to-use" mechanism

28  contemplated by the ARL.  Rather, it is a multi-step process.  Furthermore,

**CLASS ACTION COMPLAINT**

Defendant does not present the cancellation button in an easily recognized form. Instead, Defendant requires diligent searching by a user before they are even able to identify where they must go to cancel their automatically renewing subscription. Additionally, the cancellation method is not described in the acknowledgement, as required by Cal. Bus. & Prof. Code § 17602(c).

32.     Therefore, Defendant has violated California's ARL for failing to provide an adequate acknowledgement describing the cancellation method, and providing an easy-to-use cancellation method as required by Cal. Bus & Prof. Code § 17602 *et seq.*  Thus, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## **CLASS ACTION ALLEGATIONS**

33.     As alleged throughout this Complaint, the Class claims all derive directly from a single course of conduct by Defendant. Defendant has engaged in uniform and standardized conduct toward the Class – its marketing and billing tactics – and this case is about the responsibility of Defendant, at law and in equity, for its knowledge and conduct in deceiving its customers. This conduct did not meaningfully differentiate among individual Class members in its degree of care or candor, its action or inactions, or in the content of its statements or omissions. The objective facts on these subjects are the same for all Class members.

34.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Class:

### **California Class**

All Defendant's customers in the State of California who were automatically enrolled in the Products and were charged at least one renewal fee by Defendant, within the governing statute of limitations period.

35.     Excluded from the Class are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

36.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether certification is appropriate.

37.     <u>Numerosity:</u> The proposed Class is so numerous that joinder of all members would be impractical. The number of individuals who purchased the Products' subscriptions during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

38.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Class that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

      a.  Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with their auto-renewal charging plan;

      b.  Whether Defendant's conduct constitutes unfair, unlawful, and/or fraudulent practices prohibited by the laws of California;

      c.  Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

      d.  Whether Defendant was unjustly enriched as a result of its conduct;

**CLASS ACTION COMPLAINT**

e. Whether Plaintiff and the Class are entitled to damages and/or restitution, and in what amount;

f. Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g. Whether Plaintiff and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

39. Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Class flows, in each instance, from a common nucleus of operative fact; namely, Defendant's failure to adequately disclose the automatic-renewal nature of their customers' enrollment, and failure to abide by the requirements set forth in California's ARL. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

40. Superiority: Because of the relatively small amount of damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

41. Typicality: The representative Plaintiff's claims are typical of those of the proposed Class, as all members of the proposed Class are similarly affected by Defendant's uniform unlawful conduct as alleged herein, including but not limited to being subject to the same or similar marketing, enrollment and billing practices

**CLASS ACTION COMPLAINT**

engineered by Defendant. Further, Plaintiff and members of the Class sustained substantially the same injuries and damages arising out of Defendant's conduct.

42.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Class as her interests do not conflict with the interests of the members of the proposed Class she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

43.    Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
**(*for the California Class*)**

44.    Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

45.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class, against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*  The CLRA prohibits "unfair or deceptive acts or practices…undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

46.    Plaintiff and the Class members are "consumers" within the meaning of Cal. Civ. Code § 1761(d) in that Plaintiff and the Class members sought or acquired by purchase Defendant's Products for personal, family, or household purposes.

47.    Defendant's offers constitute "goods or services" within the meaning of Cal. Civ. Code § 1761(a) and (b).

48.    The purchases by Plaintiff and Class Members are "transactions" within the meaning of Cal. Civ. Code § 1761(e).

49.    Defendant has violated Cal. Civ. Code § 1770, subdivisions (a)(5), (a)(9), (a)(14), and (a)(16) by, *inter alia,* representing that Defendant's goods and services have certain characteristics that they do not have; advertising goods and services with the intent not to sell them as advertised; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

50.    As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and the California Class were wrongfully charged fees by Defendant.

51.    Defendant's conduct alleged herein was undertaken by Defendant knowingly, willfully, and with oppression, fraud, and/or malice, within the meaning of Cal. Civ. Code § 3294(c).

52.    Plaintiff has standing to pursue these claims because she has suffered injury in fact and a loss of money as a result of the wrongful conduct alleged herein. Plaintiff would not have enrolled in Defendant's subscription had she known the truth. Plaintiff saw and relied upon Defendant's misleading representations and omissions, as detailed above. Class-wide reliance can be inferred because Defendant's misrepresentations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to subscribe to Defendant's Products.

53.    On about November 8, 2023, Plaintiff provided written notice pursuant to § 1782 of the CLRA, on behalf of herself and the Class. Defendant failed to rectify or agree to rectify the unlawful acts detailed above within 30 days, thus Plaintiff and the Class are entitled to actual, punitive, and statutory damages, as appropriate, as well as any other remedies the Court may deem appropriate under Cal. Civ. Code §1750 *et seq.*

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500, *et seq*
### (*for the California Class*)

54.     Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class, against Defendant pursuant to California's False Advertising Law ("FAL") Cal. Bus. & Prof. Code § 17500, *et seq.*

56.     As part of California's FAL, the ARL, Cal. Bus. & Prof. Code § 17600, *et seq.*, became effective on December 1, 2010.

57.     Cal. Bus. & Prof. Code § 17600, *et seq.,* declares unlawful "the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Defendant's conduct as alleged in this Complaint violates Cal. Bus. & Prof. Code § 17602 because each of the following practices Defendant has engaged in is an independent violation of the Automatic Purchase Renewal Statute:

  a. Defendant failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by Cal. Bus. & Prof. Code § 17602(a)(1);

  b. Defendant charges Plaintiff's and the Class's credit card or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic

renewal offer terms or continuous offer terms, as required by Cal. Bus. & Prof. Code § 17602(a)(2);

c.  Defendant failed to provide a post-transaction acknowledgement including the automatic renewal or continuous offer terms, cancellation policy, and clear, consumer-friendly cancellation information. Cal. Bus. & Prof. Code § 17602(a)(3);

d.  Defendant failed to provide a toll-free telephone number, electronic mail address, a postal address or other cost-effective, timely, and easy-to-use mechanism for cancellation as described in Cal. Bus. & Prof. Code § 17602(a)(3), as required by Cal. Bus. & Prof. Code § 17602(b).

e.  Defendant failed to provide a method for cancellation without engaging in further steps that obstruct or delay the ability to terminate the automatic renewal or continuous service immediately as required by Cal. Bus. & Prof. Code §17602(d)(1)(A)-(B).

58.  As a result of Defendant's misconduct pursuant to Cal. Bus. & Prof. Code § 17603, Plaintiff and the Class are entitled to restitution of all amounts that Defendant charged or caused to be charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts during the applicable statute of limitations and continuing until Defendant's statutory violations cease.

59.  As a result of Defendant's misconduct pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the Class are entitled to an injunction:

a.  Enjoining Defendant from making automatic renewal offers that do not comply with California law;

b.  Enjoining Defendant from making charges to credit cards, debit cards, or third-party payment accounts without prior affirmative consent to an agreement containing "clear and conspicuous" disclosures of automatic renewal or continuous service offer terms;

c.  Enjoining Defendant from making automatic renewal offers that fail to provide an acknowledgment that includes a "clear and conspicuous" disclosure of automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and,

d.  Enjoining Defendant from making automatic renewal offers that fail to provide an online, easy-to-use mechanism for cancellation.

60.  Defendant's actions in violation of §§ 17500 & 17600 *et seq.*, as described herein, were false and misleading such that the general public is and was likely to be deceived.  Plaintiff and members of the California Class were deceived and relied on Defendant's statements and omissions to their detriment when they signed up for Defendant's Products and were subsequently automatically enrolled in Defendant's auto-recurring subscription, and there is a strong probability that other California consumers and members of the public were also or are likely to be deceived as well. Any reasonable consumer would be misled by Defendant's false and misleading statements and material omissions.  Plaintiff and members of the California Class did not learn of Defendant's cancellation and automatic payment policies until after they had already signed up and were forced into paying for Defendant's services.

61.  Pursuant to Cal. Bus. & Prof. Code § 17535, this Court has the power to award such equitable relief, including but not limited to, an order declaring Defendant's auto-renewal practices to be unlawful, an order enjoining Defendant from engaging in any such further unlawful conduct, and an order directing Defendant to refund to the Plaintiff and the Class all fees wrongfully assessed and/or collected on its auto-renew subscription plan.

//

//

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*for the California Class*)**

62.     Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

63.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.

64.     The UCL prohibits acts of "unfair competition," including any unlawful and unfair business acts or practices.

65.     The UCL, Cal. Bus. & Prof. Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . ."

66.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant committed unlawful practices because it violated Cal. Bus. And Prof. Code § 17600, *et seq.,* California's ARL, which declares unlawful "the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of a service."  Defendant's conduct as alleged in this Complaint violates Cal. Bus. & Prof. Code § 17602 because each of the following practices is an independent violation of the ARL:

> a. Defendant failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by Cal. Bus. & Prof. Code § 17602(a)(1);

> b. Defendant charges Plaintiff's and the Class's credit card or debit cards, or the consumer's account with a third party, for an automatic

renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms, as required by Cal. Bus. & Prof. Code § 17602(a)(2);

c. Defendant failed to provide a post-transaction acknowledgement including the automatic renewal or continuous offer terms, cancellation policy, and clear, consumer-friendly cancellation information. Cal. Bus. & Prof. Code § 17602(a)(3);

d. Defendant failed to provide a toll-free telephone number, electronic mail address, a postal address or other cost-effective, timely, and easy-to-use mechanism for cancellation as described in Cal. Bus. & Prof. Code § 17602(a)(3), as required by Cal. Bus. & Prof. Code § 17602(b).

e. Defendant failed to provide a method for cancellation without engaging in further steps that obstruct or delay the ability to terminate the automatic renewal or continuous service immediately as required by Cal. Bus. & Prof. Code §17602(d)(1)(A)-(B).

67.     Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Product's advertising. Deceiving consumers as to the automatic enrollment in Defendant's Products is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the Class.

68.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product is not an automatically enrolling subscription. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent."

69.     Defendant's acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

70.     There were reasonably available alternatives to further Defendant's legitimate business interest, other than the conduct described herein. As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

71.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CLAIM FOR RELIEF
**Quasi Contract/Unjust Enrichment/Restitution**
(***for the California Class***)

72.     Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

73.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

74.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the California Class, to induce them to subscribe to the Products. Plaintiff and members of the California Class have reasonably relied on Defendant's misleading representations and been deceived as a result. Plaintiff and members of the California Class have been induced by Defendant's misleading and deceptive representations about the subscriptions and paid money to Defendant for these subscriptions that they would have not paid.

75.     Plaintiff and members of the California Class have conferred a benefit upon Defendant, as Defendant has retained monies paid to it by Plaintiff and members of the California Class.

76.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the California Class – i.e., Plaintiff and members of the California Class did not receive full and adequate disclosure as to the nature of the automatic enrollment subscription plan.

77.     Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the California Class back for cost of the deceptive and unjust enrollment.

78.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**FIFTH CLAIM FOR RELIEF**
**Violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §**
**1693 *et seq.***
**(*for the California Class*)**

79.     Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

80.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1693 *et seq.*

81.     The EFTA provides a framework establishing the rights, liabilities, and responsibilities of participants in an electronic fund transfer system. 15 U.S.C. §§ 1693 *et seq.*  The "primary objective" of the EFTA is "the provision of individual consumer rights." *Id.* § 1693(b).

82.     Any waiver of EFTA rights is void.  "No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter." 15 U.S.C. § 1693l.

83.     Defendant's transfers of money from the bank accounts of Plaintiff and members of the California Class, as alleged herein, are "electronic fund transfers" within the meaning of the EFTA and the EFTA's implemented regulations, known as Regulation E and codified at 12 C.F.R. §§ 205 *et seq.*  An "electronic fund transfer" means "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 205.3(b)(v).

84.     The EFTA defines the term "preauthorized electronic transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(9).  The Official Staff Interpretation of Regulation E describes a "preauthorized electronic transfer" as "one authorized by the consumer in advance of a transfer that will take place on a recurring basis, at substantially regular intervals, and will require no further action by the consumer to initiate the transfer." 12 C.F.R. Part 205, Supp. I, § 205.2(k), cmt. 1.

85.     Section 1693e(a) of the EFTA prohibits preauthorized electronic transfers without written authorization: "A preauthorized electronic fund transfer

from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).    Similarly, Regulation E provides: "Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.    The person that obtains the authorization shall provide a copy to the consumer." 12 C.F.R. § 205.10(b).

86.    Plaintiff and members of the California Class each maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2) and are "consumers" within the meaning of 15 U.S.C. § 1693a(5).

87.    Defendant uniformly and routinely initiated preauthorized electronic fund transfers and took money from the bank accounts of Plaintiff and members of the California Class without obtaining written authorization for the transfers, as required by the EFTA and Regulation E.    Defendant also uniformly and routinely failed to provide a copy of such written authorization to Plaintiff and the members of the California Class from whose bank accounts Defendant took preauthorized electronic fund transfers for the Products.

88.    In March of 2023, Defendant took $71.64 from Plaintiff's account via her debit card.    Defendant did not obtain Plaintiff's written authorization, nor did Defendant provide Plaintiff with copies of any such authorizations.

89.    The Official Staff Interpretation of Regulation E explains, "when a third-party payee," such as Defendant, "fails to obtain the authorization in writing or fails to give a copy to the consumer…it is the third-party payee that is in violation of the regulation." 12 C.F.R. Part 205, Supp. I, § 205.10(b), cmt. 2.

90.    As a direct and proximate result of Defendant's violations of the EFTA and Regulation E, Plaintiff has suffered damages in the amount of the unauthorized debits taken by Defendant from her bank account.    15 U.S.C. § 1693m.    As a further direct and proximate result of Defendant's violations of the EFTA and Regulation E, Plaintiff and the California Class are entitled to recover statutory damages in the

amount of "the lesser of $500,000 or 1 per centum of the net worth of the defendant." *Id.* § 1983m(a)(2)(B).

91.    Pursuant to 15 U.S.C. § 1693m, Plaintiff and the California Class are also entitled to recover costs of suit and attorneys' fees from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully prays for the following relief:

(a)   Certification of this case as a class action on behalf of the Class defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

(b)   A declaration that Defendant's actions, as described herein, violate the claims described herein;

(c)   An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

(d)   An award to Plaintiff and the proposed Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Class as a result of its unlawful, unfair and fraudulent business practices described herein;

(e)   An award of all economic, monetary, actual, consequential, compensatory, and treble damages caused by Defendant's conduct;

(f)   An award of punitive damages;

(g)   An award to Plaintiff and her counsel of their reasonable expenses and attorneys' fees;

**CLASS ACTION COMPLAINT**

(h)   An award to Plaintiff and the proposed Class of pre and post-judgment interest, to the extent allowable; and

(i)   For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class, hereby demands a jury trial with respect to all issues triable of right by jury.


**CUSTODIO & DUBEY, LLP**

DATED:  April 17, 2024                   By:  _____/s/ Robert Abiri_____

Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the*
*Putative Classes*