**MCGUIREWOODS LLP**
ANTHONY Q. LE (SBN 300660)
1800 Century Park East, 8th Floor
Los Angeles, California 940067
Telephone: (310) 315-8225
E-Mail: ALe@mcguirewoods.com

TALINE R. GETTAS (SBN 322225)
ALEXANDRA L. HIDER (SBN 340660)
Wells Fargo Center, South Tower
355 S. Grand Avenue Suite 4200
Los Angeles, California 90071-3103
Telephone: (213) 627-2268
E-Mail:  tgettas@mcguirewoods.com
E-Mail:  ahider@mcguirewoods.com

*Attorneys for Specially-Appearing Defendant,*
*Surfshark Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PACHOUD,<br><br>          Plaintiff,<br><br>     vs.<br><br>SURFSHARK INC. and<br>SURFSHARK B.V.<br><br>          Defendants. | CASE NO. 24-cv-02299-PCP<br>Hon. P. Casey Pitts<br><br>**SPECIALLY-APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[*Filed concurrently with Request for Judicial Notice; Declaration of Sarra Fahmi; and [Proposed] Order*]<br><br>Date:        August 29, 2024<br>Time:        10:00 a.m.<br>Courtroom: 8, 4th Floor |

---

SPECIALLY APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on, August 29, 2024 at 10:00 a.m. in Courtroom 8, 4th Floor, at 280 South 1st Street, San Jose, California 95113, before the Honorable Judge P. Casey Pitts, Specially-Appearing Defendant Surfshark Inc. will and hereby does respectfully move this Court for an order dismissing Plaintiff's First Amended Class Action Complaint and/or each of its causes of action as against it pursuant to Rules 12(b)(2) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Sarra Fahmi and Request for Judicial Notice, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

DATED: July 1, 2024                    **MCGUIREWOODS LLP**


                                       By:   */s/ Anthony Q. Le*
                                             Anthony Q. Le
                                             Taline R. Gettas
                                             Alexandra L. Hider

                                             Attorneys for Specially-Appearing
                                             Defendant, Surfshark Inc.

SPECIALLY APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................1

II.     FACTUAL BACKGROUND ......................................................................1

III.    LEGAL STANDARD ................................................................................3

IV.     LEGAL ARGUMENT ...............................................................................5

      A.      The Court Does Not Have Jurisdiction over Surfshark Inc. ...................5

V.      CONCLUSION .......................................................................................10

SPECIALLY APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
5    293 F.3d 707 (4th Cir. 2002) ...................................................................7

6

*AMA Multimedia, LLC v. Wanat*,
7    970 F.3d 1201 (9th Cir. 2020) .................................................................5

8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
9    874 F.3d 1064 (9th Cir. 2017) .................................................................8

10    *BNSF Ry. Co. v. Tyrrell*,
11    137 S. Ct. 1549 (2017)...............................................................................9

12    *Briskin v. Shopify, Inc.*,
    87 F.4th 404 (9th Cir. 2023).....................................................................7
13

14    *Broidy Cap. Mgmt., LLC v. Qatar*,
    No. CV 18-2421-JFW(Ex), 2018 WL 9943551 (C.D. Cal. Aug. 22,
15    2018) ............................................................................................................4

16    *Burger King Corp. v. Rudzewicz*,
17    471 U.S. 462 (1985) ...................................................................................5

18    *Caces-Tiamson v. Equifax*,
19    No. 20-cv-00387-EMC, 2020 WL 1322889 (N.D. Cal. 2020) .......8, 9

20    *Daimler AG v. Bauman*,
21    571 U.S. 117 (2014) ...............................................................................4, 9

22    *Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .................................................................6
23

24    *Hanson v. Denckla*,
    357 U.S. 235 (1958) ...................................................................................7
25

26    *Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ...................................................................................4
27

*Martinez v. Aero Caribbean*,
28    764 F.3d 1062 (9th Cir. 2014) .................................................................9

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ................................................................ 4

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ................................................................ 6

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ................................................................ 3

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ................................................................ 4

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2000) ................................................................ 6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ............................................................. 5, 9

*Stewart v. Screen Gems-EMI Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015) ...................................................... 3

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................ 8

**Constitutions**

Fourteenth Amendment ................................................................................. 4

**Statutes**

Cal. Bus. & Prof. Code § 17200 .................................................................. 1

Cal. Bus. & Prof. Code § 17500 .................................................................. 1

Cal. Civ. Proc. Code § 410.10 ..................................................................... 4

**Court Rules**

Federal Rule of Civil Procedure 12(b)(2)............................................... 1, 3, 9

SPECIALLY APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Emily Pachoud ("Plaintiff") filed the present lawsuit against Surfshark Inc. and Surfshark B.V. alleging that they enrolled consumers in auto-renewal payment plans in violation of California law.  On behalf of a putative class, Plaintiff states claims for (1) violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§1750, *et seq.*) ("CLRA"), (2) violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), (3) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL"), and (4) quasi contract/unjust enrichment/restitution.  Surfshark Inc. brings the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over Surfshark Inc.

Plaintiff's First Amended Class Action Complaint ("FAC") is devoid of any factual allegations regarding Surfshark Inc.'s contacts in California that would support this Court's exercise of specific jurisdiction over Surfshark Inc.  Plaintiff also fails to allege any facts that permit this Court to exercise general jurisdiction over Surfshark Inc., which is a Delaware corporation with its principal place of business in Delaware and no physical presence or business dealings in California. Exercising jurisdiction over Surfshark Inc. based solely on its role as a payment service provider for purely internet-based transactions would be inconsistent with the Due Process Clause and thus this Court should dismiss Plaintiff's FAC against Surfshark Inc. for lack of personal jurisdiction.

### II.  FACTUAL BACKGROUND

Plaintiff alleges that "Defendant"—a singular term she improperly uses to refer collectively to Surfshark Inc. and Surfshark B.V. (SBV)—is a cybersecurity company that provides privacy and security solutions to consumers via subscriptions to its software services and products.  (FAC ¶ 2).  In an attempt to circumvent Surfshark Inc.'s previous Motion to Dismiss arguments, Plaintiff further asserts,

1

without merit, that the alleged "Automatic Renewal Violations could not exist without the actions of both SBV and SI." (*Id*.). Plaintiff alleges that in or around March 2021, she subscribed to "Defendant's" VPN product. (FAC ¶ 9). She alleges that unbeknownst to her, "Defendant" enrolled Plaintiff in an automatic renewal service and charged her without her consent. (*Id*.). Specifically, Plaintiff alleges that her subscription was renewed in March 2023 without her consent, and that she was charged $71.64. (*Id*.). Plaintiff alleges that "Defendant's" website did not contain the required disclosures regarding auto-renewal terms, and that "Defendant" failed to send a post-transaction acknowledgment. (FAC ¶¶ 18, 25).

Each of the above allegations that Plaintiff makes with regard to a collective "Defendant" pertain solely to the conduct of SBV. Aside from the allegation that Surfshark Inc. is a Delaware corporation with its principal place of business in Delaware, (FAC ¶ 10), the FAC alleges virtually no information about Surfshark Inc. or Plaintiff's specific relationship with Surfshark Inc.[1] (*See generally*, FAC). There are no facts alleging a basis for jurisdiction over Surfshark, Inc. other than conclusory allegations that track the case law standard courts use to determine jurisdiction. (FAC ¶ 7). As such, the Court should look beyond the pleadings when analyzing whether this Court has personal jurisdiction over Surfshark, Inc.

Surfshark Inc. operates as a third-party payment service provider for Surfshark B.V. (SBV), which is a seller of cybersecurity products. (Declaration of Sarra Fahmi ("Fahmi Decl."), ¶ 2.) Surfshark Inc. is a Delaware corporation with its principal place of business in Delaware. (Fahmi Decl. ¶ 4.) Surfshark Inc. has

---

[1] Plaintiff attempts to rehabilitate the deficiencies in her original Complaint by peppering into the FAC references to "charges" to justify the inclusion of Surfshark Inc. in this litigation. However, not only are these additions insufficient to establish personal jurisdiction, but they also contort the facts of this matter to fit Plaintiff's narrative. Surfshark Inc., is simply a third-party payment service provider for Surfshark B.V., which is a seller of cybersecurity products. (Fahmi Decl. ¶ 2)

2

no contacts with California.  (Fahmi Decl. ¶ 6.)  Specifically, Surfshark Inc. is not registered to do business in California and it does not pay California taxes.  (Fahmi Decl. ¶ 6.)  It does not maintain any offices in California and has never owned or leased any properties in California.  (Fahmi Decl. ¶ 6.)  It does not employ any employees in California or operate any customer service centers in California.  (Fahmi Decl. ¶ 6.)  And it does not maintain any infrastructure for the specific purpose of serving California customers.  (Fahmi Decl. ¶ 6.)

Further, Surfshark Inc. does not engage in any marketing or sales directed at California.  (Fahmi Decl. ¶ 7.)  It does not play any role in determining which SBV products are sold to customers, in determining which SBV customers are enrolled into automatic renewal subscriptions, or in determining what bank account customers designate for paying for SBV's services.  (Fahmi Decl. ¶ 7.)  Surfshark, Inc. does not maintain a customer-facing website; contrary to plaintiff's allegations, Surfshark Inc. does not own or operate the website www.surfshark.com, nor does Surfshark Inc. provide software services or products to subscribers.  (Fahmi Decl. ¶ 7.)

## III.   <u>LEGAL STANDARD</u>

When a defendant raises a challenge to personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing personal jurisdiction.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  While the court must resolve "all disputed facts in favor of the plaintiff," it is nonetheless plaintiff's burden to plead adequate facts sufficient to make a prima facie showing of personal jurisdiction.  *Id.*  A motion to dismiss under Rule 12(b)(2) is not limited to the pleadings and "may consider extrinsic evidence … including affidavits submitted by the parties."  *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 951 (N.D. Cal. 2015).

When a defendant is not a resident of California, a California court can exercise personal jurisdiction over a defendant if the exercise of jurisdiction

3

comports with the Due Process Clause of the Fourteenth Amendment. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same."); *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States.").

Personal jurisdiction can be "general" or "specific." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). A court may exercise general jurisdiction where a defendant's affiliations are "so 'continuous and systematic' as to render the foreign corporation essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear v. Dunlop Tires, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). If the court finds general jurisdiction exists, the suit need "not aris[e] out of or relate to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). If there are insufficient contacts to support the exercise of general personal jurisdiction, a court may exercise specific jurisdiction if the lawsuit "aris[es] out of or relate[s] to the defendant's contacts with the forum [state]." *Daimler AG*, 571 U.S. at 127.

Further, conclusory, "shotgun" allegations that unspecified "Defendants" took actions aimed at California are insufficient to establish personal jurisdiction. *Broidy Cap. Mgmt., LLC v. Qatar*, No. CV 18-2421-JFW(Ex), 2018 WL 9943551, at *7 (C.D. Cal. Aug. 22, 2018) (denying jurisdictional discovery and leave to amend where the jurisdictional allegations were attenuated and based on bare assertions in the face of specific denials made by the defendants). Rather, "[e]ach defendant's contacts with the forum State must be assessed individually." *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984).

4

1    **IV.**   **LEGAL ARGUMENT**

2        A.    The Court Does Not Have Jurisdiction over Surfshark Inc.

3        Plaintiff has failed to meet its burden to plead facts that would support the

4    exercise of specific jurisdiction over Surfshark Inc.  Specific personal jurisdiction

5    exists when (1) the non-resident defendant purposefully directs activities to the

6    forum or purposefully avails itself of the privilege of conducting activities in the

7    forum; (2) the claim arises out of or relates to the defendant's forum-related

8    activities; and (3) the exercise of jurisdiction is reasonable.  *AMA Multimedia, LLC*

9    *v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).  "If any of the three requirements is

10   not satisfied, jurisdiction in the forum would deprive the defendant of due process

11   of law." *Id.* (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270

12   (9th Cir. 1995)).  The plaintiff bears the burden of satisfying the first two prongs.

13   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

14       Purposeful availment and purposeful direction are distinct concepts.  *Id*.  "A

15   showing that a defendant purposefully *availed* himself of the privilege of doing

16   business in a forum state typically consists of evidence of the defendant's actions in

17   the forum." *Id.* (emphasis added) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253

18   (1958)).  In return for availing itself of the benefits and protections of the forum

19   state's laws, the defendant must "submit to the burdens of litigation in that forum."

20   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

21       By contrast, a "showing that a defendant purposefully *directed* his conduct

22   toward a forum state . . . usually consists of evidence of the defendant's *actions*

23   *outside the forum* state that are *directed at the forum*, such as the distribution in the

24   forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803

25   (emphasis added).  Due process allows "the exercise of personal jurisdiction over a

26   defendant who 'purposefully direct[s]' his activities at residents of a forum, even in

27   the 'absence of physical contacts' with the forum." *Id.* (quoting *Burger King*, 471

28   U.S. at 476).

5

Nothing in Plaintiff's allegations suggests that Surfshark Inc. purposefully availed itself of the benefits of doing business in California or purposely directed any activity toward California consumers.  The FAC fails to plead any facts to show that Surfshark Inc. "intentionally availed itself of the markets within California, through its marketing and sale of its Products in California and the charging of the same to thousands of California consumers."  (FAC ¶ 7).  That is unsurprising because Surfshark Inc. neither carries out marketing, nor sells any products in California. (Fahmi Decl. ¶ 7.)  Surfshark Inc. merely operates as a payment service provider for SBV.  (Fahmi Decl. ¶ 2.)  It is not responsible for the marketing, sale, website operation or automatic renewal of SBV's security and VPN products. (Fahmi Decl. ¶ 7.)  Surfshark Inc. does not maintain a customer-facing website or engage in marketing activities, and does not maintain any offices or employ employees in California.  (Fahmi Decl. ¶ 6.)

Likewise, the FAC fails to allege purposeful direction by Surfshark Inc.  To satisfy the requirements of specific jurisdiction via purposeful direction, Plaintiff must plead facts showing an (1) "intentional act" on the part of Surfshark Inc., "(2) expressly aimed at the forum state, (3) causing harm that [Surfshark Inc.] knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).  But the FAC makes no allegations meeting this test.  Indeed, it does not allege any actions that Surfshark Inc. directed at California.  Instead, the Plaintiff only alleges that Surfshark Inc. operates a website that sold services to the plaintiff, which—as noted above—it does not.  (Fahmi Decl. ¶ 7).  Again, Surfshark Inc. merely operates as a third-party payment service provider for SBV to facilitate transactions wherever they occur.  (Fahmi Decl. ¶ 2.)

Moreover, courts within this Circuit have consistently held that untargeted internet activity does not constitute purposeful availment of the privilege of conducting business or other transactions in the state.  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2000); *Panavision Int'l, L.P. v.*

6

*Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (holding that jurisdiction is proper when "the person (1) *directs electronic activity* into the state, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts") (emphasis added). Prospective customers access SBV's services by visiting its website, selecting desired products, and proceeding to checkout, at which point they enter their name, contact information, and credit card information. (FAC ¶¶ 16–18). Surfshark Inc. has no role in determining what products are sold to which customers in any particular state (Fahmi Decl. ¶ 7), and thus it cannot be said to direct its electronic activity into California with the intent of engaging in business interactions there.[2]

Further, the mere fact that the Plaintiff is a California resident is insufficient to establish purposeful direction by Surfshark Inc. Even to the extent Surfshark Inc. was involved in the payment processing by which SBV "took $71.64 from Plaintiff's account via her debit card," (FAC ¶ 10), the fact the debit affected the bank account of a person who happened to be a California resident[3] does not amount to purposeful

---

[2] *Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023), a case providing a similar relevant analysis, is pending a rehearing *en banc*. 101 F.4th 706 (9th Cir. 2024). The components of that case setting forth the relevant jurisdictional standards are not infirm and remain sound, even though the *en banc* court may determine that the facts in that case warranted a different outcome.

[3] Even if Plaintiff's bank account is located in California, that would not alter the analysis, as Surfshark Inc.'s payment processing activity is not directed at California but at Plaintiff and whatever account she designated as the source of funds, wherever that may be in the world. The unilateral actions of the Plaintiff in designating an account located in a particular state (or foreign country) cannot form the basis for ascribing to Surfshark Inc. purposeful direction toward California. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact

7

direction of conduct at California by Surfshark Inc.  Personal jurisdiction cannot be established based on conduct of the plaintiff or of third parties within the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  Nor can the plaintiff be the only link between the defendant and the forum.  *Id*. at 285.  "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation,'" *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Magazine*, Inc., 465 U.S. 770, 775 (1984)), and "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," *id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).  Here, Plaintiff's status as a California resident is the only link between Surfshark Inc. and the forum, and the relationship between the Plaintiff and Surfshark Inc. is one that arose entirely out of contacts that Plaintiff created with SBV, not contacts that Surfshark Inc. created with California.  As *Walden* states, the California-based injury to the Plaintiff cannot be the basis for finding a jurisdictional connection between Surfshark Inc. and California.  *Walden*, 571 U.S. at 290 ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").

The FAC thus fails to articulate any connection between purposefully directed contacts of Surfshark Inc. and Plaintiff's claims, and thus fails to plead facts establishing specific jurisdiction.  Plaintiff cannot assert that a company purposefully directs acts into California "based on the mere fact that [a company] provides services to customers nationwide, including but not limited to California." *Caces-Tiamson v. Equifax*, No. 20-cv-00387-EMC, 2020 WL 1322889, at *3 (N.D. Cal. 2020).  "'The placement of a product into the stream of commerce, without more, is not an act the defendant purposefully directed toward the forum state.'"  *Id*.

with the forum State.").

(quoting *Asahi Metal Indus. Co., Ltd. V. Super. Ct. of Cal*., 480 U.S. 102, 112 (1987)).  Because the FAC alleges no facts demonstrating that Surfshark Inc. directed acts towards California in any way distinct from the rest of the world, and because the facts make clear that Surfshark Inc. does not direct any acts towards California, Plaintiff has failed to establish specific jurisdiction over Surfshark Inc.[4]

///
///
///
///
///
///
///
///
///
///
///

---

[4] Additionally, it is clear that the Court does not have general jurisdiction over Surfshark Inc.  The "paradigm forums" for general jurisdiction over a corporation are "the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  General jurisdiction outside of those forums is available "[o]nly in an exceptional case," *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), where the defendant's contacts are so "continuous and systematic" as to "'approximate physical presence' in the forum state," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  For a Court to have general jurisdiction over a defendant, the contacts must be substantial, continuous, and systematic, such that a defendant is at home in the forum state.  *Daimler AG*, 571 U.S. at 122; *Martinez*, 764 F.3d at 1066.  Here, Surfshark Inc. is incorporated and has its principal place of business in Delaware, and the facts make it clear that Surfshark is not "at home" in California, where it does not maintain any physical presence and where it is not registered to do business.  Fahmi Decl. ¶ 5.

9

1

**V.    <u>CONCLUSION</u>**

For the foregoing reasons, Surfshark Inc. respectfully requests that the Court dismiss, with prejudice, Plaintiff's claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED: July 1, 2024                    **MCGUIREWOODS LLP**


By:   */s/ Anthony Q. Le*
          Anthony Q. Le
          Taline R. Gettas
          Alexandra L. Hider

          Attorneys for Specially Appearing
          Defendant, Surfshark Inc.

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document entitled SPECIALLY-APPEARING DEFENDANT SURFSHARK INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

_/s/ Anthony Q. Le_____
Anthony Q. Le

CERTIFICATE OF SERVICE