**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
abiri@cd-lawyers.com
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorneys for Plaintiff and the Putative Classes*

**DLA PIPER LLP (US)**
TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
ERIN T. HUNTINGTON (SBN 306037)
erin.huntington@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067
Telephone: (310) 595-3000
Facsimile: (310) 595-3300

*Attorneys for Specially-Appearing Defendant, Surfshark Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY PACHOUD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SURFHSARK INC. and SURFSHARK B.V.,<br><br>Defendant. | CASE NO.: 5:24-cv-02299-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>The Honorable Eumi K. Lee |

Pursuant to Federal Rules 16 and 26(f), and Civil L.R. 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff Emily Pachoud ("Plaintiff") and Specially-Appearing Defendant Surfshark Inc., ("SI")[1] (collectively, the "Parties[2]") jointly submit this case management statement.

## 1. JURISDICTION AND SERVICE

Plaintiff's Amended Class Action Complaint ("CAC") (ECF No. 23) alleges the following. This Court has subject matter jurisdiction over this putative class action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Plaintiff is a resident of California and brings this action on behalf of herself and a putative class of California residents. Defendants are foreign citizens and thus diversity of citizenship exists. Defendant Surfshark Inc. challenges personal jurisdiction which is the subject of the pending motion to dismiss. *See* ECF No. 32. Plaintiff's counsel represents that they have engaged Crowe Foreign Services to serve Defendant Surfshark B.V. ("SBV"), a Dutch entity, through the Hague Convention, and estimates effecting service by October 2024.

## 2. FACTS

### Plaintiff's Statement

Defendant is a cybersecurity company that provides privacy and security solutions to consumers via subscriptions to its software services and products on its website, www.surfshark.com. *See* CAC, ¶ 2. This class action seeks to challenge Defendant's deceptive enrollment and consequent charging of unwary consumers into Defendant's auto-renewal payment plan, in violation of Cal. Bus. & Prof. Code § 17600, et seq., (the "ARL Violations") for Defendant's various products it offers, such as its Virtual Private Network ("VPN") subscription (collectively, the "Products"). *Id.* ¶ 1. Upon information and belief, Defendant SBV is the provider

---

[1] Nothing herein shall be construed as a general appearance by SI, and SI reserves its rights to challenge the exercise of personal jurisdiction as set forth in its pending motion. ECF. 32.

[2] Although named as a defendant in the CAC, SBV has not been served as of the date of this submission nor made any appearance in this proceeding. Accordingly, this Joint Statement is submitted on behalf of Plaintiff and Surfshark Inc. SBV reserves its rights to challenge the exercise of jurisdiction and/or service of process.

of these products and services, and works in conjunction with Defendant SI who charges the customers for the automatic renewals. Accordingly, the Automatic Renewal Violations could not exist without the actions of both SBV and SI. *Id.* ¶ 2.

Plaintiff and other consumers have been deceived by Defendant SBV's and SI's actions, specifically the failure to disclose essential facts concerning the automatic renewals, and consequently have been deceived into signing up for these automatically recurring payment plans. *Id.* ¶¶ 3-4.

**Defendant's Statement**

Plaintiff alleges that "Defendant"—a singular term she improperly uses to refer collectively to SI and SBV—is a cybersecurity company that provides privacy and security solutions to consumers via subscriptions to its software services and products. CAC ¶ 2. As set forth in SI's motion to dismiss (*see* ECF 32, 46), SI contends that it is improper to impute SBV's conduct as the purveyor of software services and products to SI, whose role consists solely and entirely of processing payments. Because SI's insular role precludes the assertion of personal jurisdiction over it, it has sought dismissal of Plaintiff's claims on the basis of Rule 12(b)(2). *See id.* SI further disputes that it is liable for any of Plaintiff's claims as a result of its act of processing payments.

**3. LEGAL ISSUES**

Plaintiff's CAC pursues four claims based on SI and SBV's alleged ARL Violations: 1) violations of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.,* ("CLRA"); 2) violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.,* ("FAL"); 3) violations of California's Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.,* ("UCL"); 4) quasi contract/unjust enrichment/restitution. The disputed points of law include:

1. Whether Plaintiff has demonstrated violations of the above claims based on the ARL Violations;
2. Whether Plaintiff has standing to bring the asserted claims;
3. Whether Plaintiff has suffered a cognizable injury;

4. Whether Plaintiff is entitled to equitable relief;

5. Whether Plaintiff's putative classes can be certified under Fed. R. Civ. P. 23;

6. Whether Defendant SI is subject to personal jurisdiction;

7. Whether Defendant SI has legally cognizable defenses to one or more of Plaintiff's claims.

The Parties will identify additional legal issues as the case progresses, and particularly in the event that SBV is brought into the case.

## 4. MOTIONS

On July 1, 2024, Defendant SI moved to dismiss Plaintiff's CAC under Fed. R. Civ. P. 12(b)(2) and is now fully briefed and set for hearing on December 4, 2024 after reassignment to this Court. The Parties anticipate seeking leave from the Court to conduct the hearing virtually and will submit a request at the appropriate time.

Plaintiff intends to file a motion for class certification. Both parties reserve the right to file motions for summary judgment.

## 5. AMENDMENT OF PLEADINGS

Plaintiff has amended her complaint once in response to a previous motion to dismiss by Defendant SI.

Given the yet to be effected service on Defendant SBV, Plaintiff submits that a proposed deadline to amend the pleadings should remain pending. Defendant SI has no objection to this proposal.

## 6. EVIDENCE PRESERVATION

The Parties conducted a Rule 26(f) conference on September 3, 2024. They have reviewed the Guidelines Relating to the Discovery of Stored Information ("ESI Guidelines"). Plaintiff and Defendant SI have taken appropriate steps to preserve relevant evidence in this action. Because discovery in this action is likely to involve the production of confidential business information, the Parties will meet and confer to determine if it is necessary to submit a stipulated Protective Order and a separate ESI Discovery Protocol for entry by the Court.

**7. DISCLOSURES**

The Parties have not exchanged initial disclosures, but will complete initial disclosures on or before September 17, 2024.

**8. DISCOVERY**

There has been no discovery taken to date. The Parties anticipate engaging in written discovery (including document requests, interrogatories, and requests for admission) as well as conducting depositions. The Parties further expect to engage in expert discovery. The Parties do not currently anticipate needing any modification to the discovery rules pursuant to Fed. R. Civ. P 26(f), although the Parties note that modifications may be warranted as the case develops in light of potential involvement by foreign entities.

**9. CLASS ACTIONS**

Plaintiff makes the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b). Plaintiff brings this action on behalf of herself and the following class of consumers:

> **California Class**: All Defendant's customers in the State of California who were automatically enrolled in the Products and were charged at least one renewal fee by Defendant, within the governing statute of limitations period.

*See* CAC, ¶ 34. Plaintiff contends that this action involves common questions of law and fact to the potential classes because each class member's claim derives from the same misrepresented or non-disclosed material facts in connection with the auto-renewal charges, which led consumers to unknowingly be charged for these automatic renewals. The class is also sufficiently numerous as evidenced by, inter alia, Plaintiff's CAC. Plaintiff is typical of the class and her chosen counsel will adequately represent the proposed class. Finally, common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the class to recover, as described in more detail in Paragraph 38 of the CAC.

Plaintiff further contends that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

Plaintiff respectfully requests that a proposed certification schedule be determined once the pending motion to dismiss has been resolved and service on SBV has been effected. All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

Defendant SI disputes that Plaintiff's claims are suitable for class treatment. Defendant SI has no objection to Plaintiff's proposal for setting a certification schedule after all Rule 12 challenges are resolved.

**10. RELATED CASES**

The Parties are unaware of any other pending cases related to this matter.

**11. RELIEF**

Plaintiff, on behalf of herself and the class, has requested restitution, damages, and injunctive relief in the CAC. Plaintiff intends to utilize a damages expert to determine the amount of classwide relief.

Defendant SI does not intend to make any affirmative claims for relief from Plaintiff at this time.

**12. SETTLEMENT AND ADR**

On June 26, 2024, Plaintiff filed her ADR certification, and Defendant SI will submit its ADR certification shortly, pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b). The Parties have discussed with their clients and each other whether this case might benefit from ADR dispute resolution options. The Parties are open to a potential resolution of this matter via private mediation.

**13. OTHER REFERENCES**

The Parties do not believe this case is suitable, at this point, for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The Parties do not believe any issues can be narrowed at this point in this case.

**15. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**16. SCHEDULING**

| EVENT/DEADLINE | DATE |
| --- | --- |
| Motion to Dismiss | December 4, 2024 |
| Case Management Conference | December 19, 2024 |
| Close of Fact Discovery | TBD[3] |
| Plaintiff's Expert Disclosures and Reports Due | TBD |
| Defendant's Expert Disclosures and Reports due | TBD |
| Expert Discovery Cutoff | TBD |
| Last day to file Plaintiff's Motion for Class Certification | TBD |
| Hearing on Motion for Class Certification | TBD |
| Dispositive motions (including summary judgment), to be filed no later than | TBD |
| Hearing on Dispositive motions (including summary judgment) | TBD |

**17. TRIAL**

The Parties demand a jury trial on matters so triable. The Parties anticipate that a trial will take approximately three to five days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff and Defendant SI have both filed their respective Certification of Interested Entities. *See* ECF Nos. 21 & 17, respectively.

Defendant SI's Certification of Conflicts and Interested Entities or Persons states "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in

---

[3] *See* Section 20, *infra*.

a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    1. Surfshark Inc. is wholly owned by Surfshark Holding B.V.

    2. Surfshark Holding B.V. is a direct, wholly owned subsidiary of cyberswift B.V.

    3. 96.35% of cyberswift B.V. is owned by parent holding company CYBERSPACE B.V."

Plaintiff's Disclosure of Conflicts and Interested Entities or Persons states "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associates of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Putative class members, as defined in the operative Complaint on file in this action, may have a financial interest in this action.

**19. PROFESSIONAL CONDUCT**

Counsel for the Parties certify that they have recently reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER MATTERS**

The Parties believe that given the current status of the matter, with a pending motion to dismiss as well as a pending service on a foreign corporation, the setting of most case deadlines and other dates should be held in abeyance until the resolution of the aforementioned motion to dismiss as well as the completion of service on SBV.

Dated: September 17, 2024

**CUSTODIO & DUBEY, LLP**

By:    /s/ Robert Abiri
Robert Abiri (SBN 238681)
abiri@cd-lawyers.com
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

| | | |
|---|---|---|
| | | **DLA PIPER LLP** |
| Dated: September 17, 2024 | By: | /s/ Tanya Greene |

DLA PIPER LLP (US)
TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
ERIN T. HUNTINGTON (SBN 306037)
erin.huntington@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067
Telephone: (310) 595-3000
Facsimile: (310) 595-3300

*Attorneys for Specially-Appearing Defendant, Surfshark Inc.*

**ATTESTATION**

I, Tanya L. Greene, am the ECF User whose identification and password are being used to file this Joint Case Management Statement and Proposed Order. In compliance with Civil L.R. 5-1(i)(3), I attest that Robert Abiri has concurred in this filing.

Dated: September 17, 2024                    /s/ Tanya L. Greene

**CASE MANAGEMENT ORDER**

The above Joint Case Management Statement is approved as the Initial Case Management Order for this case and all parties are to comply with its provisions and the following additional provisions:

**IT IS SO ORDERED.**

DATE:

Hon. Eumi K. Lee
United States District Judge